IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**DEBRA R. PHILLIPS aka DEBBIE PHILLIPS,**<br><br>Defendant. | **MEMORANDUM DECISION**<br>**&**<br>**ORDER**<br><br>Case No. 2:10-cv-00397<br><br>Magistrate Judge Dustin Pead |

Plaintiff J& J Sport Productions (Plaintiff) filed its original Complaint on May 3, 2010 (Dkt. No. 2.) Thereafter, Plaintiff filed an Amended Complaint on August 6, 2010 (Dkt. No. 3.) On December 17, 2010, the Court granted Plaintiff's Motion For Extension of Time, giving Plaintiff an additional 120 days within which to serve Defendants (Dkt. No. 7.)

On June 27, 2011, the Court issued an Order to Show Cause inquiring why, despite the extension of time, the Defendants had still not been served with the Complaint (Dkt. No. 8.) Plaintiff responded that it had attempted to effectuate service, but was unable to do so (Dkt. No. 9.) Consequently, Plaintiff requested another extension of time (Dkt. No. 10.), which the Court granted providing Plaintiff an additional 60 days within which to serve the Defendants (Dkt. No. 12.)

During a status conference held on January 31, 2012, Plaintiff indicated that it intended to amend its complaint (Dkt. No. 23.). The Court requested that any motion related to amendment be filed expeditiously. Id. Five months later Plaintiff filed its Motion to Amend seeking to dismiss all named Defendants (Morris Sosa, M&S Management, Inc., Cabana Club), and to add Debra R. Phillips (aka Debbie Phillips) as a new Defendant (Dkt. No. 24.) Plaintiff's Motion to

Amend was granted on October 24, 2012 (Dkt. No. 26.)  However, it was not until three months later, on January 2, 2013, that Plaintiff actually filed its Amended Complaint with the Court (Dkt. No. 28.)  Further, as of this date, there is no indication that Defendant has been timely served with the Amended Complaint.  See Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed.").  Nor has Plaintiff filed any extension of the period of time to effect service, let alone in advance of the expiration of the 120-day period prescribed.  See Fed. R. Civ. P. 4(m) (giving plaintiff 120 days after the complaint is filed to serve defendant).

The Court outlines the prolonged history of this case in order to highlight the fact that nearly three years after the action was originally filed, the case has not moved forward in any significant manner such that procedurally the action remains stymied at the initial stages of litigation and Defendant has still not been served with a copy of the operative complaint.  Given these circumstances along with the fact that numerous extensions that have previously been granted, the Court finds it appropriate to dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court. . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time.").  In ordering dismissal without prejudice, the Court recognizes that under these circumstances the Rules also contemplate the issuance of an order to show cause requiring Plaintiff to explain why the case should not be dismissed.  Here, however, where despite the issuance of an order to show cause nearly two years ago the case has still not moved forward, the Court concludes that dismissal without prejudice is the appropriate course of action.

Accordingly, **IT IS HEREBY ORDERED** for the reasons stated herein, that the case be dismissed **without prejudice**.

DATED this 29th day of May, 2013,

_____
Dustin B. Pead
U.S. Federal Magistrate Judge